IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAYNE BERTELSEN,<br><br>               Petitioner,<br><br>v.<br><br>PETE DUNHOP; ASST. CATHERINE JOHNSON; ATTORNEY GENERAL OF THE STATE OF MONTANA, | Cause No. CV 21-102-GF-BMM<br><br>          ORDER |

On October 4, 2021, Shayne Bertelsen, a state prisoner proceeding pro se, filed a document seeking release from his current incarceration at the Core Civic Facility in Shelby, Montana.  Bertelsen asserts claims of actual innocence and that the Montana Supreme Court erred in denying him relief in his direct appeal in April 2020. (Doc. 1.)  The Court is familiar with Bertelsen. He has filed similar challenges which all have been dismissed.[1]  Bertelsen's procedural filing history has been set forth at length in prior orders of the Court.  *See e.g.*, (Doc. 2 at 1-3.)

In the instant matter, the Court observed that it was difficult to discern

---

[1] *See*, *Bertelsen v. State*, CV-17-48-GF-BMM, Or. (D. Mont. July 10, 2017)(dismissed as unexhausted); *In re: Bertelsen*, CV-19-20-GF-BMM, Or. (D. Mont. April 9, 2019) (dismissed as unexhausted); *Bertelsen v. Attorney General*, Cause No. CV-20-39-GF-BMM, Or. (D. Mont. June 30, 2020) (dismissed as unexhausted).

whether Bertelsen properly had exhausted his present claims. *See*, *Id*. at 4.  It appeared that Bertelsen had no collateral review matters pending on appeal, and, therefore, his federal constitutional claims likely remained unexhausted. *Id*.  The Court directed Bertelsen to provide the Court with an update to inform the Court of any pending state collateral review proceedings and a summary of the claims he was attempting to advance. The Court also directed Bertelsen to complete the Court's standard habeas form. *Id*. at 4, 6.

Although Bertelsen has filed responses to this Court's order in the form of letters and supplements, *see* (Docs. 10, 11, 12, and 13), the documents remain largely non-responsive to the exhaustion issue presented.  Bertelsen continues insisting that his Incest conviction, handed down following a jury trial in Montana's Eighth Judicial District, was based upon insufficient evidence. *See e.g.*, (Doc. 10); *see also*, (Doc. 13 at 2.)

Moreover, Bertelsen seems to think that all charges against him have been dismissed. *See, e.g.* (Doc. 11 at 1); *see also*, (Doc. 12.)  It is unclear where Bertelsen has gleaned this information. The Court never made any such determination in Bertelsen's previous matters.  It appears perhaps Bertelsen relies upon the Montana Supreme Court's decision in *State v. Bertelsen*, 2020 MT 88N. *See*, (Doc. 11 at 2)(attaching the last page of the Montana Supreme Court's decision).  The Montana Supreme Court affirmed the lower court's denial of

2

Bertelsen's speedy trial motion and remanded the case back to the district court with a limited directive to address the district court's improper imposition of a technology fee. *See*, *Bertelsen,* 2020 MT at ¶ 20. The Montana Supreme Court did not reverse or dismiss Bertelsen's underlying criminal conviction.

Based upon Bertelsen's Amended Petition, it is apparent that his federal constitutional claims remain unexhausted. Bertelsen did raise his speedy trial claim on direct appeal. He did not present any of his present federal claims to the state courts via a state petition for postconviction relief or a state petition for writ of habeas corpus. *See*, (Doc. 3 at 3-4.) Bertelsen seems to believe that the petition he filed with this Court in *Bertelsen v. Attorney General*, Cause No. CV 20-39-GF-BMM-JTJ, constitutes a petition for state postconviction relief. *Id*. Bertelsen is mistaken. In fact, this Court specifically has explained to Bertelsen on prior occasions the steps he must undertake to exhaust properly his federal claims within the state court system.[2] Bertelsen's repeated filings in this Court do not serve to exhaust his *state* remedies.

At this juncture, it appears Bertelsen's claims are not only unexhausted, but also procedurally defaulted, because there are now no state avenues of collateral

---

[2] See, *Bertelsen v. State*, Cause No. CV-17-48-GF-BMM, Or. at 2-3 (D. Mont. July 10, 2017); *In re: Bertelsen*, Cause No. CV-19-20-GF-BMM-JTJ, Find. & Rec. at 2-3 (filed March 21, 2019); *Bertelsen v. Attorney General*, Cause No. CV-20-39-BMM-JTJ, Find. & Rec. at 3-4 (filed June 17, 2020).

review available to him.  Bertelsen seems to suggest that this default can be excused because he is innocent of the crime of Incest.

A procedural default may be excused for a fundamental miscarriage of justice.  *See*, *Cook v. Schriro,* 538 F. 3d 1000, 1028 (9th Cir. 2008).  Such a showing is made when a petitioner can show that a constitutional violation probably caused the conviction of one innocent of the crime.  *Smith v. Baldwin*, 510 F. 3d 1127, 1139 (9th Cir. 2007)(en banc).  "Actual innocence" means factual innocence, not a mere legal insufficiency.  *See*, *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." *Schlup*, 513 U.S. at 316 & n. 32.  The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.  *Id*. at 321. To be credible, however, "such a claim requires petitioner to support his allegations of constitutional error with *new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence- that was not presented at trial."  *Schriro*, 538 F. 3d at 1028 (emphasis added)(quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Bertelsen has presented no new evidence that would demonstrate he is

4

actually innocent of Incest.  He merely points to testimony that was presented at trial and rejected by the jury.  He then provides his own interpretation and legal conclusions relative to this testimony.  Bertelsen fails to cite the kind or character of evidence required to meet the demanding *Schlup* standard.  Or put another way, Bertelsen has failed to establish that he should be excused from any procedural filing bars before him.

Finally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Bertelsen has failed to make a substantial showing that he was deprived of a constitutional right.  His claims remain unexhausted and he has failed to

5

demonstrate the existence of a fundamental miscarriage of justice necessary to set aside the present procedural filing bar.  Accordingly, his is petition unexhausted and the claims are procedurally defaulted.  Reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  The Amended Petition (Doc. 3) is DISMISSED.

2.  The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability is DENIED.

DATED this 17th day of February, 2022.


Brian Morris, Chief District Judge
United States District Court